HENNIBIQUE CONST. CO. v. ARMORED CONCRETE CONST. CO. OF BALTIMORE et al.

(Circuit Court of Appeals, Fourth Circuit.   March 11, 1909.)

No. 861.

PATENTS (§ 328*)—INFRINGEMENT—REINFORCED CONCRETE GIRDER.

The Hennebique patent, No. 611,907, for a reinforced concrete beam or girder, construed, and *held* not infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the District of Maryland.

For opinion below see 163 Fed. 300.

William B. Whitney, for appellant.

Arthur Steuart (Steuart & Steuart, on the brief), for appellees.

Before GOFF and PRITCHARD, Circuit Judges, and BOYD, District Judge.

GOFF, Circuit Judge. The record presented by this appeal is both interesting and important, and, while it is voluminous, the real questions involved are few, and, we think, readily solved. The suit was based on the United States patent No. 611,907, for a reinforced concrete beam or girder, issued to Francois Hennebique. The many assignments of error, considered in connection with the facts to which they refer, may be stated concisely as follows:

It was error to hold that the words "bay," "span," and "compartment," as used in the patent owned by complainant, referred to the open space between the faces of the adjoining supporting columns, and that it required the bent rods, used in combination with the straight rods and stirrups, to be extended completely over the columns into the next span of the girders; that it was error to hold, as the court below did, that the rods used by defendants in the building erected by them, and specially complained of in the bill, extended no further than the center of the supporting columns, and that if in a few instances they in fact did extend a few inches further it was not so intended; and that they did not extend into the next bay, so as to obtain any of the benefits claimed by the patentee for his construction.

The defense was the invalidity of the patent sued on, because of abandonment of invention before patent; noninvention, in view of the art; noninfringement. The court below, considering the matters presented by the bill, exhibits, answer, and evidence, sustained the defense of noninfringement, and did not, therefore, find it necessary to dispose of other questions presented by the record and discussed by counsel. We find ourselves impelled to the conclusion reached by the court below, and, as no questions are involved other than the proper application of the facts, we do not deem it essential to discuss in detail the testimony from which that result was indicated. We are in full accord with the opinion of Judge Morris, found in 163 Fed. 300.

Affirmed.